James McCann
63 Harding Avenue
Ortley Beach, NJ 08751
(Plaintiff)

US District Court
District of New Jersey
402 E. State St.,
Trenton, NJ 08608

RECEIVED
AT 8:30
AUG 04 2014
WILLIAM T. WALSH
CLERK ——— M

Vs.

CIVIL ACTION.

Deirdre M. Falato, David B. McKee
Mildred T. Mastroberte,
Mary Ann B. Pieshala
and Barbara David (Individuals)
And Deirdre Falato (Secretary Fotografixusa Inc.),
Mildred Mastroberte (Treasurer, Fotografixusa Inc)
And David McKee (Officer of Fotografixusa Inc) collectively known as the Board of
Directors Of Fotografixusa Inc. (a Florida Corporation)
Raymond R. Hoather (President of Fotografixusa Inc.),
Fotografixusa Inc (a Florida Corporation),
Fuggi Law Firm and its entire Lawyers (yet to be identified), Robert R. Fuggi Esq.,
Jr. & Robert R. Fuggi Jr. (Individually),
Catherine Koslej (Legal Secretary of Fuggi Law Firm),
Shore Community Bank and Its past & previous Board of Directors and Officers
(to be identified) (jointly and severally), and
Robert T. English (President & CEO of Shore Community Bank) and
Robert T. English (Individually), Mark Callazzo (Officer of Shore Community
Bank)
Callazzo Properties, RMS Title & Appraisal Services, Mark Callazzo (Individually)
Howard Butensky Esq. pa & Howard Butensky (Individually),
The Law Firm of Ostrowtiz Law (Ostrowitz & Ostrowitz), & Alan R. Ostrowitz
Esq., & Alan R. Ostrowitz (Individually),
Mayor Thomas S. Kellaher Mayor of Township of Toms River,
and Mr. Thomas S. Kellaher (Individually),
Toms River Township,  Deirdre Falato (Environmental Officer Township of Toms
River) & David McKee (Environmental Officer Township of Toms River)
John Does A-Z (fictitious names),
Corporations A-Z (not yet identified).
Law Firms and other professionals A-Z (to be identified)
and other parties not yet identified A-Z.
(Defendants).

COMPLAINT- DEMAND FOR
JURY TRIAL, PLAINTIFF
DEMAND FOR DAMAGES AND
CERTIFICATION OF JAMES
MCANN  (PRO-SE) – Claims of
Conspiracy to pervert the Course

1

of Justice, violations of the RICO
Act, Restrictions of Trade by
conspiracy to defraud and other
matters in this complaint by
"Uttering Forged Documents".

*1.*    1.     James McCann lives at 63 Harding Ave,  Ortley Beach, NJ 08751 and is a

shareholder in Fotografixusa Inc. (a Florida Corporation) (hereafter referred to as *"Inc")*

and is an *"Agent"* of the company Fotografixusa Inc.

### BACKGROUND.

*2.*    2.     Comes Now James McCann a shareholder in Fotografixusa Inc. (a Florida

Corporation) and an "agent" of the company Fotografixusa Inc. to state his claim for

"Loss of earnings", "Loss of Future earnings", "Restriction of Trade",  "Breach of

Fiduciary Duty" and acts of "Bad Faith" against the former Board of Directors of

Fotografixusa Inc David Mckee, Mildred Mastroberte (Treasurer) and Deirdre Falato

(Secretary), (hereafter referred to as "The Board") aided and abetted by their two

minority shareholder friends Barbara David and Mary Ann Pieshala.

*3.*    3.     Included in this complaint is the Law Firm of Fuggi who *"Manufactured*

*Evidence"* to support their frivolous and Malicious Law Suit (Case No: cv:09-5232)

(and also Manufactured the entire law suit (against The President of the Company (that I

invested in) Fotografixusa Inc. (Raymond R. Hoather (Individually) & as President of

Fotografixusa Inc.) and whose actions resulted in me being denied the *"fruits of my*

*labor"* over a three (3) year period to set up certain National licensing products with

major nationwide charities, which due to the *"illegal actions"*  and "Bad Faith" of the

Board of Directors (above), the collusion between all attorneys and defendants involved

2

who not only manufactured evidence, gave false testimony but falsified evidence, using *"Forge Documents", "Forged Signatures"* and other *"Deceptive Practices"* which collectively resulted in my considerable loss of income, considerable *"futures"* income, and value of my investment over the next ten (10) years.

4.. Further defendants in this complaint have yet to be identified but included in this initial complaint is Shore Community Bank (Hereafter referred to as The Bank SCB), its previous & current Board of Directors, Robert T. English (President of Shore Community Bank) and the Law Firm of Ostrowitz Law in particular Alan Ostrowitz Esq., for falsifying evidence, using *"Forged Documents", "Forged Signatures",* collusion between the Plaintiffs in Case No: cv:09-5232, attorney Alfred Petite Claire Esq. and the Plaintiffs David McKee, Mildred Mastroberte, Deirdre Falato, Barbara David and Mary Ann Pieshala (Plaintiffs/defendants in Counterclaim Case No: cv-09-5232) (Individually, jointly and severally) before this Honorable US District Court who also "Manufactured Evidence", made false testimony to *"pervert the course of justice"* in the US Bankruptcy Court against Raymond Hoather (President of Fotografixusa Inc.), RMS Title Company, Callazzo Properties, Mark Callazzo and Howard Butensky Esq (attorney for Shore Community Bank, also on the Board of SCB), the Bank SCB's original Board of Directors and current Board of Directors and Officers, who jointly and severally falsely accused Raymond Hoather of Bank Fraud (amongst other things) which further contributed to the cumulative damages against me personally and my loss of "earnings" and "futures" loss of earning over the next ten (10) years and which has now resulted in permanent and irreparable damage to my earnings and future earnings and I am denied the *"fruits of my labor"*.

3

## THE TORT SYSTEM

*4.* 5.    "The classical purpose of tort is to provide *full compensation* for proved harm.

This is known under the Latin phrase *restitutio in integrum* (restoration to original state).

In other words, the idea underpinning the law of tort is that if someone harms someone

else, they should make up for it. Compensation should be, in the words of Lord

Blackburn in *Livingstone v Rawyards Coal Co* -"*that sum of money which will put the*

*party who has been injured in the same position as he would have been if he had not*

*sustained the wrong for which he is now getting his compensation or reparation."*

## The Sherman Antitrust Act (1890)

### 6   Section 1. Trusts, etc., in restraint of trade illegal; penalty

*"Every contract, combination in the form of trust or otherwise, or conspiracy, in*
*restraint of trade or commerce among the several States, or with foreign nations, is*
*declared to be illegal. Every person who shall make any contract or engage in any*
*combination or conspiracy hereby declared to be illegal shall be deemed guilty of a*
*felony, and, on conviction thereof, shall be punished by fine not exceeding $10,000,000*
*if a corporation, or, if any other person, $350,000, or by imprisonment not exceeding*
*three years, or by both said punishments, in the discretion of the court."*

7   7.    Bad faith conduct is "fiduciary conduct motivated by an actual intent to do
harm," or an "intentional dereliction of duty, a conscious disregard for one's
responsibilities." **In re the Walt Disney Co. Derivative Litig., 906 A.2d 27, 64, 66
(Del. 2006).**

*8*   8.    In this case I allege *"among other things"* that "The Board" conspired (in various

degrees and at different times) with all the parties mentioned in this complaint and

*"Devised a Scheme"* to defraud me out of the *"Fruits of my Labor"* and used the

Federal Court System as a *"Tool"* to perpetrate their crime and "Uttered Forged

Documents".

4

## JURISDICTION
## JURISDICTION PURSUANT TO 28 U.S.C. §1331

### And under the Doctrine of the Entire Controversy.

9.      The Court has jurisdiction to hear this complaint because even though the claim

should be heard in a Florida Court under the *"Doctrine of the Entire Controversy"* the

Court has ruled that Jurisdiction in the case against Raymond Hoather (President of

Fotografixusa Inc) & Raymond Hoather (Individually) Case No: cv-09-5232 is already

in the New Jersey Court system and not that of Florida.

10.     The Plaintiffs and their attorneys Fuggi Law Firm in Case No: cv-09-5232

swayed this Honorable Court in the very beginning of the case against Raymond Hoather

(President of Fotografixusa Inc) and the *"Inc"* by stating in their letter to The Hon.

Judge Bongionvanni on January 10, 2010: (Exhibit Case No. cv: 09-5232 RH-PRE-

TRIAL-16)

*"Furthermore, plaintiffs and defendants had their shareholder and/or Board of directors
meetings in the State of New Jersey, for example defendants and Plaintiffs had a meeting
at Mildred Mastroberte's house in July of 2008, a meeting in the Lavallette Office in
July and August and a meeting on September 2, 2008 at Mia's Restaurant in Ortley
Beach"*

11.     Then the Plaintiffs, their previous attorney, and their new attorney Alfred Petite

Claire Esq. denied this statement of "fact" and have further denied being the Board of

Directors and Officers of the company Fotografixusa Inc. (despite their original

attorneys admitting this fact) of which I am a witness to and whose *"Bad Faith"* actions

has resulted in me filing this complaint due to considerable loss of earnings and damages

and Restriction of Trade under the RICO Act. Now due to the ongoing litigation, I have

suffered permanent loss of income and damages with no recourse or recovery available

to me except in this Honorable Federal Court of Law.

12.     Since the Defendants and their attorneys have deceived this Honorable Court

from the onset of the case against Raymond Hoather (President of Fotografixusa Inc)

and even though this should be heard in a Florida Courtroom the bulk of the evidence is

already presented in the case against Raymond Hoather as President of Fotografixusa

Inc. in the US District Courtroom, Trenton, NJ. (See US District Court Case No; cv: 09-

5232) & (US Bankruptcy Case No: 11-21226-RTL & 12-01209-RTL).

## JURISDICTION PURSUANT TO 28 U.S.C. §1332

13.     This Court has jurisdiction to hear the above matter pursuant to 28 U.S.C. §1332.

14.     Plaintiff James McCann domicile is located at 63 Harding Ave, Ortley Beach, NJ

15.     Defendant, Barbara David's, domicile is located at 221 Columbia Club Drive,
Blythewood, South Carolina.

16.     Defendant, Mary Ann B. Pieshala's, domicile is located at 14 North Bayard
Lane, Mahwah, New Jersey.

17.     Defendant, David B. McKee's, domicile is located at 8 Coolidge Avenue, Ortley
Beach, New Jersey.

18.     Defendant, Deirdre M. Falato's, domicile is located at 400 Cove Court, Ortley
Beach, New Jersey.

19.     Defendant, Mildred T. Mastroberte's, domicile is located at 227 Third Avenue,
Ortley Beach, New Jersey.

20.     Defendant, Fotografixusa Inc, is incorporated in the State of Florida, and had a
satellite office at 76 Grand Central Avenue, Lavallette, New Jersey 08735.

21.     Defendant, Shore Community Bank is at 1012 Hooper Avenue, Toms River, NJ
08753

22.     Defendant, Robert English (President of Shore Community Bank) is at 1012
Hooper Avenue, Toms River, NJ 08753

23.     Defendant, Fuggi Law Firm is located at 47 Main Street, Toms River, NJ 08753

6

24.    Defendant, Catherine Koslej (Legal secretary) is employed as legal secretary at Fuggi Law Firm, at 47 Main Street, Toms River, NJ 08753

25.    Defendant, Ostrowitz Law is located at 225 Gordons Corner Road, Manalapan, NJ 07726

26.    Defendant, Alan Ostrowitz Esq is located at Ostrowitz Law at 225 Gordons Corner Road, Manalapan, NJ 07726

27.    Defendant, Mayor Kellaher of Toms River Township is located at 33 Washington Street, Toms River, NJ 08753

28.    Defendant, The Township of Toms River is located at 33 Washington Street, Toms River, NJ 08753

29.    Defendant Howard Butensky Esq. is located at 108 N Green St, Tuckerton, New Jersey 08087-2628

30.    Defendant RMS Title Company is located at 29 Union Ave, Lakehurst, NJ 08733

31.    Defendant Callazzo Properties is located at 29 Union Ave, Lakehurst, NJ 08733

32.    Mark Callazzo is located at 29 Union Ave, Lakehurst, NJ 08733

32A    Defendant Raymond Hoather as President of the company "Inc" is included as a witness to these events.

33.    Plaintiff James McCann alleges within the context of this complaint amongst

other things, Breach of Contract, Breach of Fiduciary Duty of the Board of Directors of

Fotografixusa Inc., *"Bad Faith"* actions of the part of the Board of Directors of

Fotografixusa Inc., (The Board) *"Manufacturing"* an entire (frivolous) Law suit and

*"Manufacturing Evidence"* to support that frivolous law suit and on the part of the

original attorneys Fuggi Law Firm and their legal secretary Catherine Koslej, who

colluded and conspired with Shore Community Bank to create the *"Bad Faith"* actions

which resulted in the company Fotografixusa Inc. being *"crippled"* and whose President

was forced to resign *"on whom the company heavily relied"* and *"without which a replacement would have to be found"*

34.    Plaintiff James McCann alleges that the Defendants Jointly and Severally colluded and conspired to accuse Mr. Hoather (falsely) of Bank Fraud, Obtaining loans by false pretenses and other matters outlined in the US Bankruptcy Litigation Case No: 11-21226-RTL & 12-01209-RTL and used "Forged Documents", "Forged Signatures" in a Federal Court proceedings which resulted in irreparable and permanent Damage to the Company Fotografixusa Inc., its President Raymond Hoather and in turn denied me the "fruits of my labor" over many years. (See Case No: cv-09-5232 & Exhibit JM-1 attached)

35.    James McCann (Plaintiff) alleges that these actions caused me (James McCann, Plaintiff) considerable loss of income in excess of $300,000 per year and loss of future income (over the next ten (10) years, totaling $3 million dollars) because the company Fotografixusa Inc. and its President (its founder and Key employee) could not function and was *"crippled"* due to these *"Bad Faith"* and *"illegal"* actions of the defendants and their law firms.

36.    Plaintiff James McCann alleges within the context of this complaint that due to the *"causation"* of the Plaintiffs actions and that of their original attorney's, Fuggi Law Firm, they colluded and conspired with other parties within the context of the litigation in case No: cv-09-5232, in  the US Bankruptcy Court (Case No: 11-21226-RTL & Adversary Case No: 12-01209-RTL ) and with other outside parties to continue the *"malicious prosecution"* of Raymond Hoather (President of Fotografixusa Inc.) which resulted in irreparable and permanent damage to the company Fotografixusa Inc. which

8

in turn resulted in my losses and future losses as an *"Agent"* (also shareholder) of the company Fotografixusa Inc. (*Inc*).

37.     The actions of the entire Defendants in this complaint fall under the RICO Act due to the conspiracy and collusion between all defendants and attorneys, the use of "Forged Documents", "Forged Signatures", Manufacturing Evidence, Fabricating Evidence, swapping evidence between attorneys and other parties in a Federal Court Proceeding.

38.     Aggregating all of the plaintiffs claims together exceed the $75,000.00 threshold as outlined in 28 U.S.C. §1332.

39.     This Court takes jurisdiction to hear the above matter, pursuant to 28 U.S.C. §1332, as plaintiffs and defendants are completely diverse from one another and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

40.     Due to the ongoing litigation in this New Jersey US District Court in Case No: cv-09-5232  under *"The Doctrine of the Entire Controversy"* this is the venue this complaint should be heard as the bulk of the evidence I shall rely on is already on the public record.

41.     As a Pro Se Litigation I will rely on the guidance of the Court if I have incorrectly used a Rule, Statute, other law or procedure to support my arguments.

### JURISDICTION TO HEAR THE STATE CLAIMS ON THIS MATTER PURSUANT TO 28 U.S.C. §1367

42.     Plaintiffs hereby incorporate by reference all the preceding paragraphs as stated herein.

9

43.     The cause of action for the claims laid out in this complaint mostly occurred in the Forum State (New Jersey) although the projects I handled on behalf of the company Fotografixusa Inc. (a Florida Corporation) were nationwide.

44.     Defendants' contacts with the forum state at the time the cause of action accrued was substantial, systematic and continuous. Defendant's had direct contact with the forum state, New Jersey.

45.     Defendant Fotografixusa Inc. and its Board of Directors David McKee, Mildred Mastroberte and Deirdre Falato had an office located at 76 Grand Central Avenue, Lavallette, New Jersey 08735, with phone number (732) 854-2880 and fax number (732) 854-7377. (As laid out in the complaint in Case No: cv-09-5232)

46.     It was defendants' plan to start its production or selling of their production directly into the State of New Jersey. (As laid out in Case No: cv-09-5232)

47.     Defendants' display wallets were to be manufactured by an associated company located in Elizabeth, New Jersey. (As laid out in Case No: cv-09-5232)

48.     Packing would be handled by an associate company in New Jersey, and the display of the products would be handled by an associate company in New Jersey. (As laid out in Case No: cv-09-5232)

49.     Defendants were hired within the State of New Jersey as an army of part time agents to sell their short run personalized retail products directly to the public. (As laid out in Case No: cv-09-5232) but on a wholesale basis.

50.     Defendants' contacts with the forum state are substantial, systematic, and continuous because of the opening of an office in Lavallette, New Jersey, the starting of production in New Jersey and the packaging and display being completed in New Jersey,

10

coupled with defendants' intent to hire an army of part time agents to sell their short run personalized products and their intent to hire 1 area manager in each county in New Jersey, and that the main manufacturing and graphics department will operate out of the Lavallette office, defendants have purposely availed itself of the benefits and protections of the forum's laws. (As laid out in Case No: cv-09-5232)

51.     In light of the aforementioned, defendants have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice.

52.     The burden on the plaintiff in this matter is financially substantial. The plaintiff has already incurred a great deal of monetary loss (i.e., initial investment of three (3) years of time and loss of the results of the *"fruits of his labor")*

53.     New Jersey law and Florida Law should govern this matter as subject matter jurisdiction has been established through 28 U.S.C. §1331, 1332 and 1367. Personal jurisdiction has been established by showing that plaintiffs and defendants contacts with the forum state are sufficient that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice.

54.     The interests of the United States District Court of New Jersey in hearing this matter is that the bulk of the plaintiffs are domiciled within the State of New Jersey. For judicial economy, it is more practical to decide the case in New Jersey, as most, if not all, of the aggrieved plaintiffs resides and/or are domiciled in the State of New Jersey.

55.     There are no multiple suits except the current litigation in Case No: cv-09-5232.

56.     There is no alternative forum available to hear this case because New Jersey is the only practical Court to hear this matter. To litigate this case in Florida would be

overly time consuming and a waste of resources that the plaintiff would be forced to

incur and the bulk of the evidence to support my claims is already lodged, filed and on

the public record in Case No: cv-09-5232 before this Honorable New Jersey US District

Court and in the US Bankruptcy Court, Trenton, NJ.

57.     In taking into consideration all factors, it is fair and convenient to all parties,

including the defendants, that the case be litigated in New Jersey, as this is where the

cause of action accrued, where most of the plaintiffs live, and the state where defendants

has sufficient contacts with the forum state.

58..    The bulk of the evidence is located within the State of New Jersey in Case No:

cv-09-5232.

59.     A majority of the witnesses are located in the State of New Jersey.

## PARTIES

### Plaintiff

60.     James McCann, domiciled at 63 Harding Ave, Ortley Beach, NJ 08751, is a

shareholder in Fotografixusa Inc. and an "Agent" of the company. (Exhibit JM-3)

### Defendants.

61.     Deirdre M. Falato is a resident of Ocean County, New Jersey, of legal age who is

a shareholder of Fotografixusa, Inc. a member of the Board of Directors and Secretary to

the company "Inc" who signed the company "Inc's" share certificates and mine and who

I met at various company meetings.(Exhibit JM-3)

62.     Mildred T. Mastroberte is a resident of Ocean County, New Jersey, of legal age

who is a shareholder, a member of the Board of Directors and the Treasurer of

Fotografixusa, Inc. whom I met at her home for a company "inc" Meeting.

63.    David B. McKee is a resident of Ocean County, New Jersey, of legal age who is a shareholder of Fotografixusa, Inc. and a member of the Board of Directors of Fotografixusa Inc. whom I met several times at the office in Lavallette.

64.    Mary Ann B. Pieshala is a resident of Bergen County, New Jersey, of legal age who is a shareholder of Fotografixusa, Inc.

65.    Barbara David is a resident of Richland County, South Carolina, of legal age who is a shareholder of Fotografixusa, Inc.

66.    Defendant, Fotografixusa Inc, is incorporated in the State of Florida and had a satellite office at 76 Grand Central Avenue, Lavallette, New Jersey 08735.

67.    Shore Community Bank is at 1012 Hooper Avenue, Toms River, NJ 08753

68.    Robert T. English (President of Shore Community Bank) is at 1012 Hooper Avenue, Toms River, NJ 08753

69.    Fuggi Law Firm is located at 47 Main Street, Toms River, NJ 08753

70.    Catherine Koslej (Legal secretary) is employed as legal secretary at Fuggi Law Firm, at 47 Main Street, Toms River, NJ 08753

71..    Ostrowitz Law is located at 225 Gordons Corner Road, Manalapan, NJ 07726 Alan Ostrowitz Esq is located at Ostrowitz & Ostrowitz Law at 225 Gordons Corner Road, Manalapan, NJ 07726

72..    Mayor Thomas S. Kellaher of Toms River Township is located at 33 Washington Street, Toms River, NJ 08753

73..    The Township of Toms River is located at 33 Washington Street, Toms River, NJ 08753

74.     Mark Callazzo A/K/A Callazzo Properties, A/K/A RMS Title Company is located at 29 Union Ave, Lakehurst,NJ 08733

74A     Raymond Hoather as President of the company Fotografixusa Inc. has a temporary address at c/o 414 Washington Street, Toms River, NJ 08753.

75.     Defendant, John Does A-Z, and XYZ Corps. are fictitious names and are utilized solely to protect plaintiffs' interests in this matter. It is the intention of Plaintiffs' attorneys to amend this Complaint if and when discovery reveals defendant's identity and/or involvement in this matter.

76.     Wherever appearing in this Complaint, each and every reference to Defendants, or any of them, is intended to, and shall be deemed to, include all Defendants, including individuals, entity and fictitiously named Defendants.

77.     Wherever appearing in this Complaint, each and every reference to Defendants, is intended to, and shall be deemed to, include all Defendants.

## FACTS COMMON TO ALL COUNTS

78.     It is the plaintiffs' contention that the Board of Directors of Fotografixusa Inc. David McKee, Mildred Mastorberte and Deirdre Falato (hereafter referred to as the "Board") (in collusion with the Bank SCB and other parties) as my employers acted in "Bad Faith" by filing suit against the non existent Fotografixusa LLC (which was converted to the corporation "Inc" as a matter of law under Florida Statute 607.1115) in case No: cv-09-5232 and against the President of Fotografixusa Inc. Raymond Hoather for their own gains claiming $1. Million dollars in compensation.

79.     The "Bad Faith" actions of the "Board" & the Bank SCB (for their own personal gain) resulted in the crippling of the company Fotografixusa Inc. and which in turn

14

caused the claims that I make in this complaint totaling $3 Million dollars of lost income and future earnings.

80.     The "Board" had a Fiduciary duty to protect the company Fotografixusa Inc. its shareholders, employees and agents, but instead embarked on a "Bad Faith" action using the Federal Court system as a "tool" to perpetuate their crime, for their own personal financial gain to the detriment of me *"the agent of the company"* which resulted in me making these claims in this complaint.

81.     *"The Board's"* actions are evident that their actions of *"Bad Faith"* resulted in the company Fotografixusa Inc. being *"crippled"* its President wrongly accused of all the claims in Case No: cv-09-5232 which in turn resulted in Raymond Hoather, President of Fotografixusa Inc being forced into personal bankruptcy, in turn further exasperated the damages to the company Fotografixusa Inc. and *"in turn"* (cause and effect) resulted in my personal losses, loss of income and future earnings in excess of $3 million dollars.

82.     As an "Agent" of the company Fotografixusa Inc. I spent a total of three (3) years establishing new accounts, opening new territories, participating in the expansion of the entire product range which included the planned Charitable Fund Raising for the Moose International, American Legion, Knights of Columbus and other major licenses on a nationwide basis.

83.     In 2010 the company Fotografixusa Inc. printed and supplied its first charity fund raiser for the Free and Accepted Masons at Harmony Lodge, Toms River, NJ.

84.     This was the first of over 2200 possible Lodges that would be set up over the next twelve (12) months. This first prototype was billed out at around $1,000.

15

85.     This prototype would be expanded to other products which included the Advertising Maps created and produced by the company Fotografixusa Inc. and as a Charity fundraiser worth in excess of $18,000 in billing for the company.

86.     The Shrine Hospital and other major charities, Jacelyn Smith (Celebrity Pets), Petsmart, Petco, Party Fair (to name a few major retailers) was also included in these wholesale product ranges that I was actively involved in setting up. These same wholesale programs were exactly what I spent three (3) years setting up for the above mentioned organizations on a nationwide basis (See Para 82)

87.     The web site of the "Inc" company www.fotografixusa.com was part of the set up of various other "on-line" products and fund raising systems that worked perfectly well but "The Board" aided and abetted with their Predatory Law Firm Fuggi used false testimony (and manufactured the evidence) of their own "Legal Secretary" Catherine Koslej to support their "frivolous law suit" against the "Inc" (disguised as a suit against the non-existent LLC) and its President Raymond Hoather.

88.     Incredibly, Shore Community Bank colluded and conspired with the Plaintiffs, (using those forged documents) and somehow enlisted Mayor Thomas Kellaher of The Township of Tom River (and used their positions in the Township of Toms River) into their "Scheme" to damage Mr. Hoather and the company Fotografixusa Inc. that I was an "Agent for" by "Manufacturing Evidence", falsely claimed Bank Fraud, Robbing the Bank and other false claims (using those forged documents) which resulted in Mr. Hoather and the company "Inc" being "crippled", irreparably and permanently damaged which in turn resulted in my losses and claims herein. (See Exhibit JI-1 attached).

16

89.     My average commission was be 12-15% on all wholesale sales and override commissions on regional managers.

90.     *"The Board"* filed their "Strike Suit" against the non existent Fotografixusa LLC in October 2009 (disguised as a Hostile Takeover of the company "Inc") and against Raymond Hoather as President of Fotografixusa Inc. which at a later date was amended to include the "Inc". The original frivolous complaint was against the non existent company LLC which was converted under Florida Law (607.1115) to the "Inc" and under law ceased to exist. Not only did the US District Court accept this complaint when the US District Court included the company Fotografixusa Inc. "Inc" as a defendant this *"crippled"* the real company "Inc" (as explained by Jenifer Jack Esq) which in turn resulted in my permanent personal losses of income and future earnings.

91.     No opportunity was given to the company Fotografixusa Inc. and/or Raymond Hoather President of Fotografixusa Inc. to settle this dispute. "The Board" deliberately and maliciously filed suit to prevent Mr. Hoather from raising the capital (already set up in advance), expanding and completing the company projects as stated in the original complaint, and accused him personally (completely ignoring the fact that the "Inc" had twenty (20) shareholders and was a corporation "Inc) of operating a "ponzi scheme" with no evidence, as follows:

"       *8. It is plaintiffs' contention that none of their investments were used properly for Fotografixusa, but instead were used and spent by Defendant Raymond Hoather for his own personal gain. The entire transaction was a scam to defraud the Plaintiffs of their money. Defendant Hoather's actions are evidence that his intention was to collect money from a new round of investors, and presumably, the Plaintiffs may have then seen a return on their investments, **which amounts to a Ponzi Scheme. Before this could happen, they demanded their money back and filed this suit** when Mr. Hoather failed to provide the same. Plaintiffs seek judgment with interest, cost of suit and attorney's fees as they have been forced to incur attorney's fees, and as three of the five plaintiffs are retired and on a fixed income, in the interest of justice, Mr. Hoather and*

17

*Fotografixusa should be held responsible for fees above and beyond any judgment with interest."*
(See Case 3:09-cv-05232-JAP-TJB Document 1 Filed 10/13/09 Page 30 of 48)

92.     The resultant "causation" was that without the company's President (its founder and creator of all the products) the venture could not continue. After spending over three (3) years at minimal income, I lost the income, future earnings, value of my further stock and opportunities from major charities that I was working on that were rightfully mine, along with all future earnings.

93.     After fraudulently forcing Mr Hoather into personal bankruptcy, the "Board" along with other parties then pursued Raymond Hoather (President of the company Fotografixusa Inc) in the Bankruptcy Court and maliciously attempted to prosecute him accusing him of running a "ponzi scheme", Bank Fraud, Bankruptcy Fraud and other numerous claims including a recent claim of a "Pyramid Scheme" as laid out in the US District Court action case No: cv-09-0523 and BK Case No: 11-21226-RTL and adversary action No: 12-01209-RTL.

### COLUSION WITH SHORE COMMUNITY BANK AND THE ATTEMPTED COVER UP OF THE FRAUD BY MARK CALLUZZO A/K/A RMS Title Company, A/K/A Callazzo Properties & OFFICER OF THE BANK SCB.

92.     The "Board" then teamed up again with Shore Community Bank, Manufactured more evidence, colluded with their attorneys Ostrowitz Law and in particular Alan Ostrowitz Esq. to continue the BK proceedings falsely accusing Raymond Hoather President of Fotografixusa Inc of Actual Fraud, Bank Fraud and Bankruptcy Fraud and many other charges. That collusion has now been exposed by Mr. Hoather in Case No: cv-09-5232, as a premeditated and well planned conspiracy of all parties and was part of

their scheme to defraud the company "Inc" and all its shareholders from the onset which resulted in me being irreparably harmed as laid out in this complaint.

93.    I have read the entire litigation in the US Bankruptcy Court concerning the loans that Mr. Hoather obtained from Shore Community Bank and the Title Insurance that was obtained by Mark Calluzzo A/K/A Callazzo Properties A/K/A RMS Title Insurance Company ($1800 fee) that Howard Butensky Esq (Board Member of SCB) reviewed and received as the Bank's attorney, personally charging Mr. Hoather $500. Mr. Butensky Esq as Vice Chairman of the Board of SCB then turned around and accused Mr. Hoather (falsely) of "Robbing the Bank" and, Bank Fraud (using forged documents). These false claims was the driving force behind the entire litigation from the very beginning. BK Case No: 11-21226-RTL and adversary action No: 12-01209-RTL.

94|    To continue this action against Raymond Hoather (President), Shore Community Bank and their attorneys *"forged documents"* and using *"forged signatures"* kept Mr. Hoather (President) in the Bankruptcy Court for an additional eighteen (18) month on top of the already three (3) years of litigation) and resulted in Mr. Hoather being denied discharge. Raymond Hoather was embroiled in litigation in two court systems and was and still is effectively completely "out of action", has lost his personal credibility, lost his personal reputation and loss of Business reputation. Due to these actions the company Fotografixusa Inc has now been permanently and irreparably damaged and as a further result I have lost my entire earnings from the *"fruits of my labor"*, all my future earnings and the value of my stock.

95.    To add insult to injury, at the beginning of the litigation in the US Bankruptcy Court it was discovered that the Plaintiffs in Case No: cv-09-5232 aided and abetted by

their Predatory Law Firm of Fuggi sent the complaint to Mayor Kellaher of Toms River

Township with a request to forward the complaint onto the Ocean County Prosecutors

office which according to the pleadings in Case No. cv:09-5232 Mayor Kellaher has

admitted to Mr. Hoather to receiving and doing in his capacity as Mayor of Toms River

Township.

95A    To further their "scheme" Robert Fuggi Esq. (Fuggi Law Firm) sent the "Same"

letter to The Hon. Judge Pisano as an "ex-parte" communication excluding Mr. Hoather.

Clearly, this was part of their "scheme" to sway the Federal Court to continue the

frivolous litigation against the non-existent LLC, using these "Forged Documents" and

all Defendants listed "Uttered Forged Documents in a Federal Court of Law".

## THE BOARD ATTEMPTED TO ACCUSE ALBERT ISOLA (TAX PREPARER)
## OR CRIMINALITY.

96.    The "Board" and in particular Deirdre Falato (Secretary of the "Inc") attempted

to deny that I was a shareholder in the company Fotografixusa Inc. despite the fact that

she signed my share certificate as Secretary alongside Mr. Hoather (President) (Exhibit

JM-3).

97.    The "Board" then attempted to discredit Albert Isola as Tax Preparer for Mr.

Hoather (prior to the "Inc" being formed) in an attempt to justify their false claims of

Bank Fraud. Robert English admits speaking and meeting with Deirdre Falato (Secretary

of the "Inc") in the proceedings before The Hon.Judge Lyons in the US Bankruptcy

Court. Further evidence of their attempts to deceive the Federal Court System.

98.    Fotografixusa Inc. owned and operated the legal newspaper, The Ocean County

Gazette, which was the main local legal advertising newspaper for the Township of

20

Toms River, NJ. Mayor Kellaher appeared frequently in that newspaper which was

originally owned and operated by Raymond Hoather (prior to forming Fotografixusa

Inc.) and Mayor Kellaher knew that Raymond Hoather was the Editor of the OC Gazette

legal newspaper.

99.     I was fully aware that the Gazette Newspaper was a valuable asset of the

company "Inc". Raymond Hoather (owner), Kim Pascarella Esq. And Allbert Isola

obtained the Legal Status Periodical Mailing License with the USPS during the years

2000 thru 2008.

100.     Mayor Kellaher and the Toms River Township effectively became part of the

conspiracy to damage the company "Inc" its President Raymond Hoather which resulted

in my permanent losses and loss of future earnings as a Shareholder and "Agent" of the

"*Inc*".

101.     The Law Firm of Fuggi and their legal secretary literally "Manufactured an entire

law suit" and "Manufactured the Evidence" to support their frivolous claims which after

almost five (5) years has yet to be presented with particularity. All the above actions

resulted in the company Fotografixusa Inc and its President Raymond Hoather being

"crippled" and unable to operate. (See Case No; cv-09-5232).

102.     To continue their acts of "Bad Faith" and "Malicious Prosecution" against the

company Fotografixusa Inc. (disguised as a suit against the non existent LLC) and its

President Raymond Hoather the plaintiffs obtained a "Judgment" against the original

LLC which was converted quite legitimately (as a matter of law) under Florida

Corporate Code 607.1115 which means the "Board" effectively pierced the corporate

veil of the "Inc" because according to the Florida statute 607.1115 the LLC was

21

converted to the "Inc" (as a matter of law), therefore the "Board" obtained judgment (for themselves) against the very company that it had a Fiduciary duty to protect, which in turn "crippled" the company "Inc" and in turn resulted in the loss of income, future earnings and my share values that I was entitled to if the "Board" and the Bank SCB and all attorneys had not acted with such "Bad Faith" actions.

103.    To further expose the "scheme" Robert Fuggi (personally) is a close childhood friend of the company "Inc's" attorney Kim Pascarella. Since the Law Firm of Fuggi spent 79.5 hours of due diligence I find it hard to believe that Kim Pascarella Esq was not consulted by Robert Fuggi Esq. because Kim Pascarella's name is mentioned in the Business Plan/Prospectus of the company "Inc". Kim Pascarella Esq. is also a local prosecutor and at no time was Mr. Hoather (President of the "Inc") ever interviewed by any Government Law Enforcement Agency.

104.    Even though I have requested that this action be heard in the State of New Jersey, I am confident that New Jersey will treat the claim of "Uttering Forged Documents" with the same disdain that The State of Florida does. In the State of Florida "Uttering Forged Documents" and deceiving the Federal Court System is punishable by imprisonment of ten (10) years See *Case "The State of Florida against Wayne Bisso (and associates)" in The Circuit Court of the 19th Judicial Circuit in and for St.Lucie County, Florida Case No: 562007CA001797AXXXHC before The Hon. Judge Connors* (Exhibit JM 1 & 2).

103.    As a result of these actions I have been irreparably damaged, have lost all the income of the *"fruits of my labor"* which took over three (3) years to set up at minimal

22

income (and three (3) years of intensive work) and all my future earnings over the next ten (10) years in excess of $3 million dollars.

COUNTS

COUNT 1.

Acts of "Bad Faith" by the Board of Directors of Fotografixusa Inc.

The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

I repeat and reiterate and incorporate herein every claim made by Mr. Hoather as laid out in his First Amended Counterclaim against all defendants that is pending before the US District Court in case No: cv-09-5232.

1. The Board of Directors David Mckee, Mildred Mastroberte (Treasurer) and Deirdre Falato (Secretary) of the company Fotografixusa Inc. acted in *"Bad Faith"* which is evident in the entire litigation before the US District Court in Trenton New Jersey case No: cv-09-5232. The "Board" literally Manufactured an entire law suit against the original company LLC which was disguised as a "Hostile Takeover" of the "Inc" claiming $1. Million dollars in compensation. The Board then pursued Raymond Hoather (President of the company Fotografixusa Inc. into the US Bankruptcy Court where they continued their "Malicious Prosecution" using Manufactured Evidence and additional False Testimony.

2. I repeat and reiterate every claim that Raymond Hoather (Individually) and as President of the company Fotografixusa Inc made in his initial counterclaim as if it was incorporated herein.

3. The *"Bad Faith"* actions of the *"Board"*, the subsequent filing of the *"Strike Suit"* (claiming $1. Million dollars in compensation) by the five minority shareholders of the ***"Inc"*** in case No: cv-09-5232, the *"Malicious Prosecution"*

23

in the US Bankruptcy Court against Mr. Hoather (President of Fotografixusa Inc.), using "Manufactured Evidence", "Forged Documents", "Forged Signatures", the deception by the Law Firm of Fuggi to the court, the Malfeasance and collusion between Fuggi Law Firm, the "Board" and their two minority shareholder friends (who attempted a Hostile Takeover of the *"Inc")* Toms River Township and Mayor Kellaher, Collusion and conspiracy (jointly and severally) of all the Defendants including The *"Board"* and the two minority shareholders Barbara David and Mary Ann Pieshala with Shore Community Bank, Robert English (President), their attorneys Ostrowitz Law and Alan Ostrowitz Esq. who in turn colluded with Alfred Petite Claire Esq. and "Manufactured" more evidence in the US Bankruptcy Court, who then referred to the "tainted evidence" and then made additional false criminal charges against the company *"Inc"* and its President, resulted in the permanent *"crippling"* of the company Fotografixusa Inc.

4.  The Bank (SCB), Mark Callazzo (Officer of the Bank, SCB) A/K/A Callazzo Properties, A/K/A RMS Title Company and Howard Butensky Esq. (Board of Directors of SCB) falsely accused Raymond Hoather of Bank Fraud and "Robbing the Bank" in the litigation in the US Bankruptcy Litigation Case No: 11-21226-RTL & 12-01209-RTL using Forged Documents (See Exhibit AI-1).

5.      I , James McCann, Plaintiff, was employed by Fotografixusa Inc. as its "Agent" and these actions resulted in my permanent loss of income and future earnings in the sum in excess of $3 million dollars and loss of my futures value of my $1,000 stock at $10,000. All the documentation can and will be supplied to support my arguments, most if not all is already lodged in the US District Court Records, along with the testimony of Raymond Hoather (Individually) and as President of the company "Inc".

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and

attorney's fees; and such other relief as this Court may determine to be equitable,

just and necessary.

## COUNT 2.
### Breach of Fiduciary Duty by the Board of Directors of Fotografixusa Inc.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. The Breach of Fiduciary Duty owed by the "Board" to the company "Inc" its shareholders, employees and "Agents" resulted in the corporation "Inc" being "crippled" and as a direct result of that "crippling" I was permanently damaged in the amount in excess of $3 million dollars plus my stock value.

WHEREFORE, plaintiff demands judgment against the defendants for

compensatory, treble and punitive damages with interest, costs of suit and

attorney's fees; and such other relief as this Court may determine to be equitable,

just and necessary.

## COUNT 3.
### Additional Claims against David Mckee, Mildred Mastroberte, Deirdre Falato, Barbara David and Mary Ann Pieshala (minority shareholders in Fotografixusa Inc. (Acts of Bad Faith and an attempted "Hostile Takeover" of the company Fotografixusa Inc which backfired and "crippled" the corporation.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. The Acts of "Bad Faith" by the five minority shareholders David Mckee, Mildred Mastroberte, Deirdre Falato, Barbara David and Mary Ann Pieshala who conspired and colluded with the Bank (SCB) to falsely accuse Mr. Hoather

25

(President of the "Inc") of Bank Fraud and then falsely accuse Mr. Hoather of founding a non existent fraudulent company (the LLC)  which "crippled" the real company Fotografixusa Inc. with twenty (20) shareholders and in turn resulted in me being unable to benefit from the three (3 ) years "fruits of my labor" (at minimal income) in the amount in excess of $3 million dollars plus the value of my stock.

3.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

### COUNT 4. – FRAUD
### Against the Board of Directors of Fotografixusa Inc. who attempted a "Hostile Takeover" of the corporation which resulted in the corporation being "crippled" and unable to operate while the "Board" claimed $1. Million dollars in compensation (basically blackmail).

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.      The "Board" Conspired, Colluded, Manufactured Evidence, Manufactured a "frivolous" law suit, exhibiting "forged documents" in a Federal Court case (The US District Court Case No: 09-5232 and the US Bankruptcy Litigation Case No: 11-21226-RTL & 12-01209-RTL which "crippled" the company Fotografixusa Inc. and its President Raymond Hoather (without whom the company could not operate) and resulted in me being denied the "fruits of my labor" that took over three (3) years to set up in the amount of $3 million dollars..

26

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 5 -  Against the Law Firm of Fuggi – Conspiracy to Defraud, Manufacturing Evidence and "Manufacturing" a complete "Frivolous Law Suit"

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.  The Law Firm of Fuggi conspired with the Plaintiffs in Case No: cv-09-5232 and the Bank (SCB) to literally manufacture an entire Law Suit, and manufacture the evidence using their own legal Secretary Catherine Koslej.

3.  Then Fuggi Law Firm made false criminal claims against the President of the company Fotografixusa Inc. to the Township of Toms River and Mayor Kellaher (who admitted he forwarded the complaint onto the Ocean County Prosecutors Office), switched evidence of the *"Inc"* to disguise the law suit against the *"non existent"* LLC, making numerous references to the false claims of Bank Fraud by the Bank (SCB) for their own profit (legal fees) and that of $1. Million dollars in compensation for their clients (the Plaintiffs in Case No: cv-09-5232.)

4.  These "illegal actions" resulted in the *"crippling"* of the company "*Inc*" that I was employed by as an *"Agent"* and a shareholder and resulted in me being denied the *"fruits of my labor"* which took over the (3) years to set up (with no income) in the amount of $3 million dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and

27

attorney's fees; and such other relief as this Court may determine to be equitable,

just and necessary.

## COUNT 6. Breach of Contract
against the  Board of Directors of the "Inc" David McKee, Mildred Mastroberte
(Treasurer) and Deirdre Falato (Secretary).

The Plaintiff repeats and reiterates each and every allegation of each of the below and

above counts as if each were set forth at length and incorporated herein.

1.      Defendants failed to perform a contract in accordance with its terms and thereby breached the contract.

2.      I had a contract with the company *"Inc"* to set up various Charitable Fund Raising Contracts and licensing agreements with major national charities which included The Moose International and American Legion, and was in negotiations with several other major nationwide charitable organizations.

3.      In 2010 the first of many National Charities gave the company "Inc" an order for the first of 2200 advertising booklets set up by Richard Crosby (also shareholder and "Agent"). This first order was a prototype and was billed out at approx. $1,000. The total for all the 2200 Lodges nationwide would have been $2.2 million dollars over the next twelve (12) months. This did not include the "spin off" printing and other fund-raising products that would also be available. This is exactly part of the programs that I was also offering and had set up with several major National Charitable Organizations.

4.      My commission on this was between 12-15%.

5.      My commission per year was to be approximately $300,000

6.      My future earnings over the next ten (10) years was to be $3. million dollars.

WHEREFORE, plaintiff demands judgment against the defendants for

compensatory, treble and punitive damages with interest, costs of suit and

attorney's fees; and such other relief as this Court may determine to be equitable,

just and necessary.

## COUNT 7. Claims against Shore Community Bank

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.       Shore Community Bank (despite lending Mr. Hoather $50,000 to set up the company Fotografixusa Inc.) conspired with the five plaintiffs in case No: cv-09-5232, which fraudulently force Mr. Hoather to file personal bankruptcy. They then pursued Mr. Hoather in the US Bankruptcy Court using "Forged Documents" and "Forged Signatures" falsely accused Raymond Hoather (President of Fotografixusa Inc) of Bank Fraud, Actual Fraud, obtaining loans by false pretenses amongst other things in Case No 11-21226-RTL & Adversary Case No: 12-01209-RTL which resulted in Mr. Hoather being involved in that litigation for over eighteen (18) months on top of the other litigation for almost three (3) years)

3. The Bank, SCB, in collusion with Mark Callazzo (officer) A/K/A Callazzo Properties A/K/A RMS Title Insurance Company to set up their scheme to defraud Mr. Hoather. The bank SCB charged $1800 for the Title Insurance on the loans that Mr.Hoather obtained from Shore Community Bank and then falsely accused him of "Fraud" using "Forged Documents" which their own officer kept for himself. (Exhibit AI-1).

4. The loans were reviewed by Howard Butensky Esq (Board of Bank) who charged Mr. Hoather $500, who then in turn accused Mr. Hoather of "Robbing the Bank" of $50,000, Bank Fraud and fraudulently obtaining the loans using those "Forged Documents" (See US Bankruptcy Litigation Case No: 11-21226-RTL & 12-01209-RTL) & see (Exhibit AI-1)

5.       All of these claims and charges were proven to be false. (Exhibit JM-1)

29

6.        These actions, collusion and conspiracy with Fuggi Law Firm and all defendants in this complaint by Shore Community Bank in turn further *"crippled"* the company Fotografixusa Inc. which in turn resulted in <u>permanent</u> and irreparable damage to the company Fotografixusa Inc. that could not produce the products that took me over three (3) years to set up and in turn resulted in my personal losses of future earnings in the amount in excess of $3 million dollars.

7.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 8. - MANUFACTURED AND FABRICATED EVIDENCE BY CATHERINE KOSLEJ (LEGAL SECRETARY OF FUGGI LAW FIRM).

The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

1.  Catherine Koslej (Legal Secretary) of the Law Firm Fuggi, Manufactured a false Certification to support the Plaintiffs in Case No: cv-09-5232 using a fictitious name *"John Smith"* with a fictitious address and a disconnected telephone number as evidence in a Federal Court Case which in turn contributed to the *"crippling"* of the company Fotografixusa Inc. (my employer) and contributed to the losses that I suffered due to the company *"Inc"* being *"crippled"* and unable to produce its products. (See Case No:09-5232)

2.  Catherine Koslej (Legal Secretary) of the Law Firm Fuggi was a willing participant and played an active part in the conspiracy to deceive the entire

30

Federal Court System into believing that the company "Inc" was a fraudulent company with "Phantom Products" and operated a "Straw Man web site".

3. Catherine Koslej (Legal Secretary) of the Law Firm Fuggi was a willing participant and played an active part in the conspiracy with the Bank (SCB) to falsely accuse Mr. Hoather (President of the "Inc") of Bank Fraud. Her supporting evidence (even though manufactured in her own handwriting) conveniently omitted the name of the real company at the bottom of each page (Fotografixusa Inc.) and deceived the Federal Court System into believing that Mr. Hoather was operating some kind of "Scam", or a "Ponzi Scheme" instead of operating an Honest Enterprise as President of the Company "Inc".

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary in the amount in excess of $3 million dollars.

## COUNT 9.
## MALFEASANCE ON THE PART OF TOMS RIVER TOWNSHIP.

The Plaintiff repeats and reiterates each and every allegation of the previous counts as if each were set forth at length herein.

1. Toms River Township accepted a letter and a document from Fuggi Law Firm in the Mayors Office, on Washington Street, Toms River, New Jersey with a request to forward that document (the complaint) onto the Ocean County Prosecutors office.

2.          Toms River Township knew that the company Fotografixusa Inc. operated and owned the local Legal Newspaper OC Gazette which Toms River adopted as its legal newspaper in December 2007 and knowing that Raymond Hoather (president of Fotografixusa Inc.) was the editor of the newspaper and which newspaper regularly ran the Township news releases.

3.          This one act along with the other *"bad faith"* actions of "The Board" two of which were representative of the Ortley Beach Environmental Committee under Toms River Township, their various law firms and the other "illegal acts" in the entire litigation in the US District Court case No: cv-09-5232 and in the US Bankruptcy Court Case No: 11-21226-RTL and Adversary Case No: 12-01209-RTL,  contributed to the *"Defamation"* of the OC Gazette Newspaper (under the "Inc"), its editor Raymond Hoather (also President of Fotografixusa Inc) and the overall credibility of the company *"Inc"* in the marketplace which in turn eventually *"crippled"* the corporation and resulted in my losses in excess of $3 million dollars as laid out in this complaint.

4.          Deirdre Falato and David Mckee representatives of Ortley Beach, NJ (part of Toms River Township) used their position to coerce Mayor Kellaher to send the file to the Ocean County Prosecutors which makes The Township of Toms River, NJ culpable in this *"conspiracy"* against the *"Inc"* and Raymond Hoather (president of the *"Inc")* and resulted in my personal losses as stated in this complaint.

      WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 10.
## MALFEASANCE ON THE PART OF MAYOR THOMAS S. KELLAHER

## OF THE TOWNSHIP OF TOMS RIVER.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.         Mayor Kellaher admitted to Raymond Hoather (President of Fotografixusa Inc) of Toms River Township that "he" in his office of the Mayor (as Mayor) accepted a document from Fuggi Law Firm in the Mayor's Office, on Washington Street, New Jersey with a request to forward the document (complaint) onto the Ocean County Prosecutors office because the Plaintiffs in Case No: cv-09-5232 alleged criminality on the part of Fotografixusa Inc.

3.         Mayor Kellaher knew that the company Fotografixusa Inc. operated and owned the local Legal Newspaper OC Gazette which Toms River adopted as its legal newspaper in December 2007.

4.         Mayor Kellaher knew that Raymond Hoather (president of Fotografixusa Inc.) was the editor of the newspaper and which newspaper regularly ran the Township news releases which included pictures of Mayor Kellaher.

5.         Mayor Kellaher's office and the Township attorney informed Mr. Hoather that Deirdre Falato used her position as representative of Ortley Beach and "hounded" him into accepting the file from Fuggi Law Firm and sending it onto the Ocean County Prosecutors office.

6.         Mayor Kellaher knew that this unsubstantiated complaint would damage the company Fotografixusa Inc. its reputation and position in the marketplace, destroy the Ocean County Gazette Newspaper (under the "Inc") which in turn resulted in me being permanently damaged as a result of this action.

7.   As a direct result of this Malfeasance the company Fotografixusa Inc. was damaged and was part of the planned conspiracy to discredit the company's

33

President Raymond Hoather (also editor) which in turn resulted in my losses in excess of $3 million dollars.

8.   WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 11:  FALSE CHARGES OF FRAUD BY THE "BOARD" AND ITS LAW FIRM FUGGI AND ALL DEFENDANTS.

The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

*1.*      The "False" claims of Fraud by the "Board", the five minority shareholders of FG INC and the law Firm of Fuggi to various Government agencies were supported by manufactured evidence, numerous references to the "false" claims of Bank Fraud by the Bank SCB (using those "Forged Documents) and their own fabricated false certification using their own handwriting concerning the web site www.fotografixusa.com (See Exhibit AI-1).

*2.*      The Plaintiffs in Case No: cv-09-5232 claimed in their complaint the following:

*3.*      *"Defendants' failure to implement an active Website for the retail sale of those items listed in the Prospectus and on the Website, together with the failure to take any action to actually "launch" a legitimate and active business is a breach of its contract with Plaintiffs as there was no performance under the contract."*

4.       "The Board" aided and abetted by the Law Firm of Fuggi and the Bank (SCB) conspired together by filing suit against the non-existent LLC knowing that the company had been converted to the 'Inc" (as a matter of law) with the view of blackmailing the company out of $1. Million dollars. (See Case No: 09-5232). The Law Firm of Fuggi conducted over 79.5 hours of due diligence on the "Inc" yet filed against the Non-existent LLC as part of their scheme to confuse and deceive the entire Federal Court System. (See Fuggi Invoices).

5.       I, James McCann, Plaintiff, had set up in 2008 the fund raising for various charities using the web site and its E commerce retail purchasing division using the web site powered by 3dCart a well established web company. These plans were set up in advance as far back as the year 2003 by the company at the first meeting of Fotografixusa at The Next Door Cafe, Seaside Heights, NJ 08751.

6.       As a direct result of the "Strike Suit" and the "Hostile Takeover" attempted by the "Board" aided and abetted by the Predatory Law Firm of Fuggi, and the false claims of Bank Fraud by the Bank (SCB), the company was "crippled" and I lost the opportunity to reap the rewards from the National fund raising Retail Purchasing which took several years to set up.

7.       Since the company Fotografixusa Inc. was "crippled" the Free and Accepted Mason's and other Charities have set up the same operation as the web site www.fotografixusa.com with competitive companies and is using the same systems that the *"Board"* and their Law Firm Fuggi (using the Certification of Catherine Koslej) claimed was a *"Straw Man Web Site"* and I and others have lost the future business which was rightfully mine.

8.  To add insult to injury, I had the opportunity to market certain children Sports products on a nationwide basis that the company "Inc" had spent several years producing. (will be exhibited in camera only as they are a trade secret).

35

9.          As a further result of these *"Bad Faith"* actions and *"illegal"* actions of the Law Firm of Fuggi I have lost the *"fruits of my labor"* which took three (3) years to set up and over twelve years (12) by Mr. Hoather and due to the ongoing litigation by the "Board" the company 'Inc' has now been "irreparably" and permanently damaged.

10.         As a direct and proximate result of Defendants' "False Claims of Fraud" against the company "Inc" and its President Raymond Hoather,   Plaintiff has sustained significant damages and harm in the provable  sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for

compensatory, treble and punitive damages with interest, costs of suit and

attorney's fees; and such other relief as this Court may determine to be equitable,

just and necessary.

## COUNT 12.
## Breach of Implied Covenant of Good Faith and Fair Dealing of the "Board" of the company "Inc".

The Plaintiff repeats and reiterates each and every allegation of each of the below and

above counts as if each were set forth at length and incorporated herein.

1. Defendants' contract with Plaintiffs contains the Implied Covenant of Good Faith and Fair Dealing.

2.          Defendants breached the implied duty of good faith and fair dealing owed to Plaintiff by, amongst other actions, acting with *"Bad Faith"*, conspired with the Bank (SCB) (using those "forged documents") knowing that it would *"cripple"* the company *"Inc"*, its President and then claimed compensation of $1. Million dollars for themselves.

36

3.    *"The Board"* attempted to steal and reap the benefits of the *"fruits of my labor"* by attempting a *"Hostile Takeover"* by filing a "Strike Suit" against the company non existent LLC effectively attempting to steal from me those *"fruits of my labor"* that took me over three (3) years to undertake (unpaid) and attempted to blackmail the company *"Inc"* of which I am also a shareholder out of $1. Million dollars to **my** detriment.

4.    *"The Board"* failed to fulfill its obligation to the company *"Inc"*, its employees and its *"Agents"* which had the effect of injuring the right of Plaintiff to *"free enterprise"* and to receive my "fruits of the contract".

5.    As a direct and proximate result of Defendants' breach of the implied warranty of good faith and fair dealing, Plaintiff has sustained significant damages and harm and due to their dilatory actions attempted to use "Restraint of Trade".

6.    As a direct and proximate result of Defendants' "Fraud" against the plaintiff, Plaintiff has sustained significant damages and harm in the provable sum of $3 Million Dollars.

4.    WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 13.   BREACH OF IMPLIED AGREEMENT THAT THE CONTRACT WILL BE PERFORMED IN A REASONABLE TIME

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.    The Plaintiffs in Case No: cv-09-5232 and their Law Firm Fuggi failed to state in their complaint that the company projects (including the Charitable

37

Projects I was working on) were projected over a three (3) year period in the business plan.

3. The Plaintiffs in Case No: cv 09-5232 attempted to claim that the company was a "Phantom" with "Phantom" products coincidentally the exact same claims by the Bank SCB in the US Bankruptcy Proceedings before The Hon. Judge Lyons.

4.      The company "Inc" spent three (3) years assisting in obtaining the licensing from the CFA and the AKC and was completing negotiations with the ASPCA and other various charities. In year two (2) the "inc" was granted the first of many planned licenses. The CFA had over 700 groups with hundreds of members per group and the AKC had over 1,000 groups with hundreds of members per group. In negotiations with the ASPCA I discovered that in 2011 they received over thirteen ($13) million dollars in royalties I had the exclusive right to market these products through the major national charitable organizations I was working with.

5.      Due to the "crippling" of the company "Inc" by the "Board" and its Predatory Law Firm Fuggi, Albert Isola & Richard Crosby, (Agents) were unable to undertake the second (year) fund raising booklet and the contract was awarded to another company. This in turn effected all the other projects I was working on that took me several years to establish.

6.      Defendants have breached implied agreement that the contract shall be performed in a reasonable time as Defendants failed to perform any portion of the plan set forth in the business plan/prospectus and failed to give me the full three (3) years that was laid out in the Company Prospectus and Business plans which was ignored by the Plaintiffs completely to deceive the Court.

7.      The Business Plan/Prospectus for the "Inc" provided an overall projected time frame to accomplish all phases of the plan for the corporation. Defendants (the "Board") breached the implied agreement to perform the contract by conspiring with the Bank (SCB) (using those forged documents) prematurely filing suit and effectively "crippling" the company "Inc" and its "Agent" for its own personal gain and not that of mine.

8.  As part of their "scheme" they switched the business plans and produced Exhibit A for the non existent LLC which four of the Plaintiffs have no admitted they do not have and were never given one by Mr. Hoather. More Deception and Bad Faith actions.

9.  As a direct and proximate result of Defendants' "Fraud" against the plaintiff, Plaintiff has sustained significant damages and harm in the provable sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 14
## FRAUD IN THE INDUCEMENT OF ALL DEFENDANTS

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.  Plaintiff is entitled to damages under the contract because the contract, and defendants actions induced me by fraud to take on the projects for the Charitable Fund Raising Products, The Wholesale Personalized Products, The 350,000 Spanish Bodega's and other projects as laid out in the Company Business Plan and Prospectus given to me by the "Board" at the beginning of 2008, which was already in the hands of the Bank SCB.

3.  Therefore the Defendants "Board" and the Bank SCB fraudulently induced me by fraud to work for three (3) years for no income and then launched their "Hostile Takeover" of the company *"Inc"* for their own personal gain of $1. Million dollars effectively *"crippling"* the company *"Inc"* and rendering the company inoperable and unable to complete its projects and/or manufacture its products.

39

4.      Defendants misrepresented material facts, including, but not limited to the
fact that as the "Board" they would protect the company interests which not only
included its shareholders (of which I am also one) and employees but its
"Agents".

    5.  Shore Community Bank loaned Mr. Hoather the money to set up the
       company Fotografixusa Inc. and then accused him of "Robbing the Bank"
       and Bank Fraud and conspired with the Board of Directors of Fotografixusa
       Inc. David Mckee, Mildred Mastroberte and Deirdre Falato to steal Mr.
       Hoather's assets and take over the company "Inc".

6.  Mark Callazzo/AK/A Callazzo Properties A/K/A RMS Title Company (also
officer of the bank SCB) insured the loans and then "Robbed the Bank" which
Mr. Hoather was (falsely) accused of.

7.  Howard Butensky Esq. handled the legal review of the loans as attorney for the
Bank, but in his position on the Board of Shore Community Bank approved the
loans, then accused Mr. Hoather of "Robbing the Bank" (after being paid by
Mr. Hoather for that legal review) and Bank Fraud.

8.  The previous Board of Directors and Officers of the Bank SCB are also liable for
their complicit actions in granting Mr. Hoather the original loans to set up the
company "Inc" in 2006/7 and then falsely accusing him of Bank Fraud.

9.      Plaintiff relied on the Business Plan/Prospectus and the direct
misrepresentations made by "The Board" in entering into the contracts with
Fotografixusa Inc.

10.      As such, Plaintiff is entitled to money damages as the contract into which
they fraudulently induced me into entering was deliberately invalid and
unenforceable due to their Predatory actions by filing their "Strike Suit" and
denying being the Officers of the company *"Inc"* and their conspiracy and
collusion with the Bank (SCB) using those "forged documents".

11.      As a direct and proximate result of Defendants' "Fraud" against the
plaintiff, Plaintiff has sustained significant damages and harm in the provable
sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

### COUNT 15.

### TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE by the "Board" It's Predatory Law Firm Fuggi, The Bank (SCB) using "Forged Documents" and other parties.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. Plaintiff had a reasonable and real expectation of economic advantage in that the company "Inc's" products had been in business for many years (with the Founders previous Businesses) and had already been proven to be viable and profitable.

3. Defendants the "Board" in collusion with the Bank (SCB) interfered with that right intentionally by filing their Predatory "Strike Suit" for their own personal gain and the Bank (SCB) by falsely accusing the company "Inc" and its President of Bank Fraud to the detriment of me the company's "Agent" and shareholder.

4. The company "Inc" never had any dealings with the Bank SCB but the Plaintiffs along with the Bank SCB attempted to deceive the court by claiming the "Inc" was not a corporation but really an LLC, but then merged it together to come up

41

with the generic Name "Fotografixusa". This is not true, Fotografixusa Inc is a

duly registered company in the State of Florida of which I am a shareholder

(Exhibit JM-3). No one is a shareholder in "Fotografixusa". "Fotografixusa" does

not exist. The LLC does not exist yet the Court awarded a default judgment

against a non-existent company.

5.       Defendants The "Board" intentionally and viciously pursued their actions

in the US Bankruptcy Court after "fraudulently" forcing Mr. Hoather (President)

into personal bankruptcy as a direct result of their "illegal actions" aided and

abetted by their previous Law firm Fuggi and their second replacement Lawyer

Alfred Petite Claire Esq.

6.       Then the Plaintiffs "The Board" deliberately and viciously colluded and

conspired with Shore Community Bank in the US Bankruptcy Court using those

same "forged Documents" and "Forged Signatures", Manufactured additional

evidence and passed it onto Shore Community Bank and their Law Firm

Ostrowitz & Ostrowitz Law and Alan Ostrowitz Esq. marked "Undisclosed

income" supplied by Alfred Petite Claire Esq. US Bankruptcy Litigation Case

No: 11-21226-RTL & 12-01209-RTL

7.  The Bank SCB then further attempted to enhance their "scheme" to deceive the

entire Federal Court System by switching attorney to Jenifer Marcus Esq. before

the Hon. Judge Lyons so that she could swear under oath that the documents (that

were eventually ruled upon as "forged") were authentic. Alan Ostrowitz Esq.

could not do this because Mr. Hoather had already pointed out to him that those

"forged documents" were not his handwriting and/or his signature more than a year previously at the Rule 2004 examination.

8.        As a direct and proximate result of Defendants' "Fraud" against the plaintiff, Plaintiff has sustained significant damages and harm in the provable sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

### COUNT 16. FRAUD

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.        Defendant's "The Board" made material representations to the Plaintiff of presently existing and past facts, to wit.

3.        "The Board" made verbal misrepresentations to me directly and via the Business Plan/Prospectus and the misleading statements contained therein.

4.        Defendant's "The Board" knew they were making misrepresentations and made them with the specific intent that the plaintiffs rely upon those presently existing and past facts. Because they already had made their plans when they originally joined the company and had already conspired with the Bank (SCB) to launch the "Hostile Takeover" of the company and file their "Strike Suit".

5.        This *"Strike Suit"* was filed to effectively prevent the company *"Inc"* from raising the balance of the capital that was laid out in the very beginning and which as stated in the Defendants Complaint "Case No: cv-09-5232" *"Before he could do this we filed suit"*. This is why the statement on the Fuggi Invoices *"clients ok with filing date"* is significant (See Case No: cv-09-5232) because it

43

was perfectly timed to disrupt the entire company "Inc" at its most pivotal point of expansion.

6. That act alone effectively *"crippled the company" **"Inc"***. and my projects and my future prospects with it.

7. As a direct and proximate result of Defendants' defrauding the plaintiff, Plaintiff has sustained significant damages and harm in the provable amount of $3. million dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 17. THEFT BY DECEPTION

### Of the "Board" of Fotografixusa Inc.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. Defendant's *"The Board"* purposely obtained the property of the Plaintiff by deception by inducing him to invest and invest "the fruits of his labor" in Fotografixusa Inc.

3. Defendant's *"The Board"* created and reinforced false impression as to the future values and hid their intentions by making material representations to the Plaintiff of presently existing and past facts, to wit. "The Board" made verbal misrepresentations to me directly and via the Business Plan/Prospectus of the ***"Inc"*** and the misleading statements contained therein to induce me to work at

44

no income for three (3) years with the specific intent of **"Robbing Me"** of the *"Fruits of my Labor"* by filing their *"Strike Suit"* disguised as a *"Hostile Takeover"* of the company *"Inc",* but filed against the non existent LLC.

4.  Defendants "The Board" gave false impressions to the plaintiff all on matters which had pecuniary significance, evidenced by their filing their *"Strike Suite"*, "Manufacturing Evidence", conspiring with Shore Community Bank who used "Forged Documents" and "Forged Signatures" and colluded to use additional "Manufactured Evidence" in a Federal Court Proceedings, aided and abetted by their law firm of Fuggi disguised as a *"Hostile Takeover"* of the company *"Inc"* to defraud me and steal the *"fruits of my labor".*

5.  To add insult to injury, the "Board" literally stole the sixty (60) coin boxes bellowing the "Inc" (Gazette Newspaper coin boxes) and then David McKee's Homeless mission in Asbury Park sold them to someone else. This prevented the company "Inc" from finalizing the expansion of the Gazette Newspaper that took over eight (8) years to set up at a cost of over $1. Million dollars. The Homeless Mission already owed the "Inc" for advertising their "Cars for Cash" in the amount of $5,000 and had failed to pay their bill. Coincidentally after the "Board" effectively "crippled" the company "Inc" they had a Fiduciary Duty to protect after they had "disposed of them" another local newspaper appeared with coin boxes in every town. (exactly the same coin boxes just sprayed a different color).

45

6.      As a direct and proximate result of Defendants' theft by deception against the plaintiff, Plaintiff have sustained significant damages and harm in the sum of $3 million dollars plus his loss of futures share value.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 18. EQUITABLE FRAUD of "The Board" of Fotografixusa Inc., their "Predatory Law Firm" Fuggi and The Bank (SCB).

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.      Defendant's "The Board" made material representations to the Plaintiff of presently existing and past facts, to wit, "The Board" made verbal misrepresentations to me directly and via the Business Plan/Prospectus of the "Inc" and the misleading statements contained therein.

3.      Defendant's "The Board" purposely obtained the property of the Plaintiffs by deception by inducing him to invest "the fruits of his labor" in Fotografixusa Inc.

4.      Defendant's "The Board" created and reinforced false impression as to the future values and hid their intentions by making material representations to the Plaintiff of presently existing and past facts, to wit, "The Board" made verbal misrepresentations to me directly and via the Business Plan/Prospectus of the "Inc" and the misleading statements contained therein to induce me to work for "Free" for three (3) years with the specific intent of "Robbing Me" of the "Fruits of my Labor" by filing their "Strike Suit" disguised as a "Hostile Takeover" of the company "Inc" for their own personal gain.

46

5.      Defendant's "The Board" knew they were making misrepresentations and made them with the specific intent that the plaintiffs rely upon those presently existing and past facts knowing that they already had plans in place to file their "Strike Suit", were in collusion with the Bank (SCB) using those "forged documents" and steal the "Fruits of my Labor".

6.      The plaintiff reasonably relied on the representations and the "Good Faith" of "The Board".

7.      As a direct and proximate result of Defendants' "Fraud" against the plaintiff, Plaintiff has sustained significant damages and harm in the provable sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 19. FRAUD BY FALSE PRETENSES OF "THE BOARD"

The Plaintiff repeats and reiterates each and every allegation of the previous counts as if each were set forth at length herein.

1.      Defendants "The Board" committed fraud against the plaintiffs by making verbal misrepresentations to them and via the Prospectus and the misleading statements contained therein all the while hiding their conspiracy with the Bank (SCB).

2.      Defendant's "The Board" knew they were making misrepresentations and made them with the specific intent to defraud the plaintiff not only out of his investment in Fotografixusa Inc. but by attempting to "Steal the Fruits of his Labor" for over three (3) years (at no income) and deny me the income that was rightfully mine over the next ten (10) years.

47

3.	As a direct and proximate result of Defendants' "Fraud" against the plaintiff, Plaintiff has sustained significant damages and harm in the provable sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 20. NEGLIGENT MISREPRESENTATION

The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

1.	Defendants *"The Board"* negligently made false statements to the Plaintiff, to wit, *"The Board"* made verbal misrepresentations to me directly and via the Prospectus and the misleading statements contained therein.

2. The plaintiff justifiably relied on the false statements made by "The Board" directly and via the Prospectus and the misleading statements contained therein, wherein there was no mention of the *"Hostile Takeover"* of the company *"Inc"* and the *"Strike Suit"* against the company *"Inc"* and its President Raymond Hoather by *"The Board"* which effectively *"crippled"* the corporation *"Inc",* Its President on whom the company heavily relied and in turn me as its *"Agent".* (which they planned well in advance and conspired with the Bank (SCB)).

3. Plaintiffs relied on the "The Board" for "Good Faith" actions not those of the "bad faith" actions that occurred throughout the litigation in case No: cv 09-5232. "The Board" denied knowledge of the Pet Licensed Products, the Charitable projects that I was working on, the 350,000 Spanish Bodega customers, all linked to and revolving around the web site, denied existence of the publications The Absolute Guide, The Ocean County Gazette Newspaper and claimed the company was a "Fraud" a "Scam" a "phantom" with "Phantom

48

Products" and a "Straw Man Web Site" which was all based on "Manufactured Evidence" of the Law Firm of Fuggi.

4.      As a direct and proximate result of Defendants' negligent misrepresentations to the plaintiffs, Plaintiff has sustained significant damages and harm.

5.      As a direct and proximate result of Defendants' *"Fraud"* against the plaintiff, Plaintiff has sustained significant damages and harm in the provable sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 21. UNJUST ENRICHMENT

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.  The Defendants *"The Board"* attempted to unjustly enrich themselves at my expense by attempting a *"Hostile Takeover"* of the company by filing a *"Strike Suit"* claiming $1. Million Dollars in Compensation.

3.  Fuggi Law Firm made their profits on their legal fees based upon a Frivolous Law Suit and Manufactured Evidence and conspired with The Bank (SCB) to deceive the entire Federal Court System.

4.  The Bank (SCB) using "Forged Documents" and manufactured evidence falsely accused the President of the company "Inc", Raymond Hoather, of

49

Bank Fraud despite making their fees, legal fees, review fees and interest on

the loans to set up the company Fotografixusa Inc.

5.  As a direct and proximate result of Defendants' *"Fraud"* against the plaintiff,

Plaintiff has sustained significant damages and harm in the provable

sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for

compensatory, treble and punitive damages with interest, costs of suit and

attorney's fees; and such other relief as this Court may determine to be equitable,

just and necessary.

## COUNT 22.   RESTRICTION OF TRADE UNDER THE RICO ACT

1.  The Plaintiff repeats and reiterates each and every allegation of each of the

below and above counts as if each were set forth at length and incorporated

herein.

2.  As a direct and proximate result of Defendants' actions in the US District

Court case no: cv-09-5232, the US Bankruptcy Litigation Case No: 11-

21226-RTL & 12-01209-RTL against the company "Inc" and Its "President"

the Defendants have Restricted my Trade and denied me the "Fruits of my

Labor that I worked for three (3) years.

3.  This "Collusion" and "Conspiracy" between all defendants using "Forged

Documents and manufactured evidence violated the RICO Act. (See Exhibit

JM-1).

4.  Plaintiff has sustained significant damages and harm in the provable

50

sum of $3 Million Dollars.

WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 23. CONSPIRACY TO DEFRAUD AND STEAL ASSETS USING THE FEDERAL COURT SYSTEM.

1.  The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.  As a direct and proximate result of Defendants' conspiracy, collusion, Manufacturing Evidence, "Forged Documents", Forged Signatures" and "Actual Fraud" "Conflicts of interest within the Bank SCB)  against Mr. Hoather in case No: cv: 09-5232 & The US Bankruptcy Litigation Case No: 11-21226-RTL & 12-01209-RTL Plaintiff has sustained significant damages and harm in the provable  sum of $3 Million Dollars.


WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

### COUNT 24
### FAILURE IN THE DUTY OF GOOD FAITH


51

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

    2. The Defendants violated the Duty of Good Faith to me as an "Agent of the Company", Shore Community Bank, it's Board of Directors, Officers, Mark Callazzo (Officer), Callazzo Properties, RMS Title Company, aided and abetted by the other defendants falsely accused Raymond Hoather of Bank Fraud and Robbery using "Forged Documents" which resulted in the company Fotografixusa Inc., its President Mr. Hoather, and ultimately me being irreparably and permanently damaged by their illegal actions. (See Exhibit AI-1)

    3. WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

### COUNT 25 - BREACHES OF GOOD FAITH.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. The Defendants violated their Fiduciary Duties of Good Faith to me as an "Agent of the Company", Shore Community Bank, it's Board of Directors, Officers, Mark Callazzo (Officer), Callazzo Properties, RMS Title Company, aided and abetted by the other defendants falsely accused Raymond Hoather (President of the "Inc") of Bank Fraud and Robbery using "Forged Documents" and manufactured evidence which resulted in the company Fotografixusa Inc., its

President Mr. Hoather being effectively "crippled", and ultimately me being irreparably and permanently damaged by their illegal actions.

3.   WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 26
## FAILED FIDUCIARY ACT WITH INTENT TO VIOLATE APPLICABLE POSITIVE LAW

1.   The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2.   The Defendants violated their Fiduciary Duties and intended to violate applicable positive law to me as an "Agent of the Company"; Shore Community Bank, it's Board of Directors, Officers, Mark Callazzo (Officer), Callazzo Properties, RMS Title Company, aided and abetted by the other defendants falsely accused Raymond Hoather of Bank Fraud and Robbery using "Forged Documents" and manufactured evidence which resulted in the company Fotografixusa Inc., its President Mr. Hoather, and ultimately me being irreparably and permanently damaged by their illegal actions.

3.   WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

53

## COUNT 27
## VIOLATION OF FIDUCIARY DUTY OF CARE AND LOYALTY AND FAILURE TO PROTECT THE SHAREHOLDERS OF THE COMPANY "Inc" AND THEIR AGENT ALBERT ISOLA.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below
   and above counts as if each were set forth at length and incorporated herein.

2. The Defendants violated their Fiduciary Duties of care and loyalty and failed to
   protect their agent which resulted in me being damaged as an "Agent of the
   Company" "Inc". Shore Community Bank, it's Board of Directors, Officers,
   Mark Callazzo (Officer), Callazzo Properties, RMS Title Company, aided and
   abetted by the other defendants conspired together to falsely accuse Raymond
   Hoather of Bank Fraud and Robbery using "Forged Documents" and
   manufactured evidence which resulted in the company Fotografixusa Inc., its
   President Mr. Hoather, and ultimately me being irreparably and permanently
   damaged by their illegal actions.

3. WHEREFORE, plaintiff demands judgment against the defendants for
   compensatory, treble and punitive damages with interest, costs of suit and
   attorney's fees; and such other relief as this Court may determine to be equitable,
   just and necessary.

## COUNT 28 ADDITIONAL FRUAD.
## ACTING IN A MANNER TO BENEFIT THE "BOARD OF DIRECTORS" AND NOT THE CORPORATION OF WHICH THEY WERE THE "BOARD OF DIRECTORS" AND CONSPIRING WITH THE BANK (SCB) TO MAKE FALSE CLAIMS OF BANK FRAUD AGAINST MR. HOATHER PRESIDENT OF THE "INC".

1. The Plaintiff repeats and reiterates each and every allegation of each of the below
   and above counts as if each were set forth at length and incorporated herein.

54

2. The Defendants acted in a manner to benefit themselves and failed to protect the "Inc" and all its shareholders and Agents which resulted in me being damaged as an "Agent of the Company" and shareholder of the "Inc". Shore Community Bank, it's past and present Board of Directors, Officers, Mark Callazzo (Officer), Callazzo Properties, RMS Title Company, aided and abetted by all the other defendants falsely accused Raymond Hoather of Bank Fraud and Robbery using "Forged Documents" and manufactured evidence which resulted in the company Fotografixusa Inc., its President Mr. Hoather, and ultimately me being irreparably and permanently damaged by their illegal actions.

3. WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees; and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 29
## VIOLATIONS OF THE BUSINESS JUDGEMENT RULE

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. The Defendants acted in a manner to benefit themselves and failed to protect the "Inc" which resulted in me being damaged as an "Agent of the Company". Shore Community Bank, it's Board of Directors, Officers, Mark Callazzo (Officer), Callazzo Properties, RMS Title Company, aided and abetted by the other defendants conspired to falsely accused Raymond Hoather of Bank Fraud and Robbery using "Forged Documents" and manufactured evidence which resulted in the company Fotografixusa Inc., its President Mr. Hoather, and

ultimately me being irreparably and permanently damaged by their illegal

actions.

3. All parties involved failed in their duty to conduct correct "Due Dilligence" and

act in Good Faith. The bank deliberately and maliciously used "Forged

Documents" to falsely accuse Mr. Hoather of Bank Fraud which must have been

decided in the Boardroom by the Board of Directors of The Bank SCB. The

"Board" of the "Inc" (conspired with the Bank SCB) and also made an executive

decision to file false claims against Raymond Hoather the President of the "Inc"

and failed to do their correct "Due Dilligence.

4. As a result of all the above deliberate, well planned and malicious actions by all

defendants the company "Inc" was "crippled" and all defendants used The

Federal Court System as a "Tool" to perpetuate their crime using "Forged

Documents" (Exhibit AI-1)

5. WHEREFORE, plaintiff demands judgment against the defendants for

compensatory, treble and punitive damages with interest, costs of suit and

attorney's fees (litigants rights); and such other relief as this Court may

determine to be equitable, just and necessary.

## COUNT 30.
## VIOLATION OF ETHICS RULES BY ALL ATTORNEYS, VIOLATIONS OF FDIC REGULATIONS BY SHORE COMMUNITY BANK, ITS BOARD OF DIRECTORS AND OFFICERS  (PAST AND PRESENT)

1. The Plaintiff repeats and reiterates each and every allegation of each

of the below and above counts as if each were set forth at length and

incorporated herein.

56

2. I repeat and reiterate and incorporate hearing all the claims as laid out in Mr. Hoather First Amended Counterclaim against all defendants is if it was incorporated herein (See case No: cv-09-5232)

3. All the attorneys involved Robert Fuggi Esq. Robert Rosa Esq., The Law Firm of Fuggi), Alan Ostrowitz Esq. The Law Firm Ostrowtiz & Ostrowtiz, Howard Butensky Esq (Individually) and as Howard Butensky Esq. attorney for the Bank SCB and Alfred Petite Claire Esq. are all guilty of Ethics violations.

4. The Bank SCB are guilty of FDIC violations and acted as a Predatory Bank against one of its business customers for their own gain and that of their Board of Directors and Associates.

5. All defendants listed are guilty of Deceiving the Entire Federal Court System and "Uttered Forged Documents".

6. WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees (litigants rights); and such other relief as this Court may determine to be equitable, just and necessary.

## COUNT 31. INSIDER TRADING VIOLATIONS

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. All Defendants had knowledge of the lucrative and extremely profitable expansion plans of the company and wanted to steal if for themselves.

57

3. All Defendants had knowledge of the Licenses and the "Futures" value of the company "Inc"

4. Shore Community Bank had full access to all the company Business Plans, its future plans and the extremely lucrative "Futures" Value of the company "Inc".

5. The five Plaintiffs David McKee, Mildred Mastroberte and Deirdre Falato as The Board of Directors during the year 2008/9 had full knowledge of the lucrative plans and existing product ranges of the company "Inc".

6. All Defendants used their "Insider Knowledge" to conspire to steal the assets and future of the company "Inc" that I was a shareholder of and an "Agent" of to my detriment.

7. All Defendants involved are in violation of The Insider Trading Sanction Act of 1984 and the Securities Exchange Act of 1988. "Tipping" friends, colleagues or associates is also illegal.

***To quote the Legal Information Institute:***

*"Dirks v. SEC* proved a pivotal U.S. Supreme Court decision regarding this type of insider trading. In *Dirks*, the Court held that a prosecutor could charge tip recipients with insider trading liability if the recipient had reason to believe that the information's disclosure violated another's fiduciary duty and if the recipient personally gained from acting upon the information. 463 U.S. 646 (1983). *Dirks* also created the constructive insider rule, which treats individuals working with a corporation on a professional basis as insiders if they come into contact with non-public information. *Id.*

The recent emergence of the misappropriation theory of insider trading has paved the way for passage of 17 CFR 240.10b5-1, which permits criminal liability for an individual who trades on any stock based upon the misappropriated information.

The U.S. Supreme Court expounded on 10(b) in a pair of cases. In 2007, *Tellabs, Inc. v. Makor Issues & Rights, LTD* determined the requisite specificity when alleging fraud. With Congress requiring sufficient facts from which "to draw a strong inference that the defendant acted with the required state of mind," the Supreme Court determined that a "strong inference" means a showing of "cogent and compelling evidence." In the 2007-2008 term, the Supreme Court determined that 10(b) does not provide non-government plaintiffs with a private cause of action against aiders and abettors in securities fraud cases, either explicitly or implicitly. See *Stoneridge v. Scientific-Atlanta, 443 F. 3d 987* (2008)."

8. WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees (litigants rights); and such other relief as this Court may determine to be equitable, just and necessary.

### COUNT 31.
### VIOLATION OF MY CONSTITUTIONAL RIGHT FOR SOCIAL SECURTY BENEFITS IN RETIREMENT.

1. The Plaintiff repeats and reiterates each and every allegation of each of the below and above counts as if each were set forth at length and incorporated herein.

2. As a direct result of all the defendants actions I have lost the best five (5) years of my earnings capability which directly effects my retirement Social Security Benefits when I retire.

59

3. This amount will be presented to a Jury of My peers to decide as the ramifications of the Plaintiffs fraudulent actions are far reaching for the rest of my natural life.

4. WHEREFORE, plaintiff demands judgment against the defendants for compensatory, treble and punitive damages with interest, costs of suit and attorney's fees (litigants rights); and such other relief as this Court may determine to be equitable, just and necessary.

## JURY DEMAND

Plaintiff, James McCann hereby demands a trial by a jury on all of the issues contained herein.

### PLAINTIFF'S DEMAND FOR DAMAGES

Due to the fact that after almost five years of litigation Defendants have yet to produce any evidence or plead with any particularity instead have relied upon "Forged Documents".

Plaintiff James McCann hereby demands damages from defendants (jointly and severally) in the amount of $3,000,000.00. (Ten years of loss of future earnings of $300,000 per annum)

Plaintiff James McCann hereby demands damages from defendants to compensate him for the three (3) years of unpaid work in assisting setting up the entire product range of the company Fotografixusa Inc. which will be decided by a Jury of my Peers.

Plus the "Futures Value" of my shares in Fotografixusa Inc. over the next ten (10) years valued at $10,000.

WHEREFORE, plaintiff demands judgment against the defendants (jointly and

severally) for compensatory, treble and punitive damages with interest, costs of

suit and attorney's fees; and such other relief as this Court and a Jury of my Peers

may determine to be equitable, just and necessary.


Respectfully Submitted

James McCann (Pro Se)

8/1/2014

61

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:
Raymond Ronald Hoather,

                                    Debtor.

Shore Community Bank,
Plaintiff,

                    v

Raymond Ronald Hoather,
Defendant.

Chapter 7

Case No. 11-21226 (RTL)

Adv. Proc. No:  12-1209 RTL

Hearing Date:  June 19, 2013


**ORDER GRANTING MOTION IN LIMINE TO
EXCLUDE NEWLY DISCOVERED FORGED
EVIDENCE**


        The relief set forth on the following page, numbered two (2) through two (2) is hereby
ORDERED.



DATED: 6/27/2013

                                    Honorable Judge Raymond T. Lyons
                                    United States Bankruptcy Judge

ABOUT   FAQ   UNPUBLISH MUGSHOT   CATEGORIES

DISCLAIMER NOTICE: ALL ARE PRESUMED INNOCENT UNTIL PROVEN GUILTY IN A COURT OF LAW. PUBLISHED MUGSHOTS AND/OR ARREST RECORDS ARE PREVIOUSLY PUBLISHED PUBLIC RECORDS OF: AN ARREST, A REGISTRATION, THE DEPRIVATION OF LIBERTY OR A DETENTION. THE MUGSHOTS AND/OR ARREST RECORDS PUBLISHED ON MUGSHOTS.COM ARE IN NO WAY AN INDICATION OF GUILT AND THEY ARE NOT EVIDENCE THAT AN ACTUAL CRIME HAS BEEN COMMITTED. EVERY EFFORT IS MADE TO ENSURE THE ACCURACY OF INFORMATION POSTED ON THIS WEBSITE. HOWEVER, MUGSHOTS.COM DOES NOT GUARANTEE THE ACCURACY OR TIMELINESS OF THE CONTENT OF THIS WEBSITE. NAMES MAY BE SIMILAR OR IDENTICAL TO OTHER INDIVIDUALS. FOR LATEST CASE STATUS, CONTACT THE OFFICIAL LAW ENFORCEMENT AGENCY WHICH ORIGINALLY RELEASED THE INFORMATION.

UNPUBLISHING NOTICE: IF YOU WERE FOUND GUILTY, YOU STILL MAY QUALIFY TO BE UNPUBLISHED.



CLICK HERE for [
or Call 1-800-

ERIC GARNER'S TRAG

 See Anyone's Arrest Record
Arrest Records are now publicly online for anyone to view!
Click here to check instantly 

Advertise Here

## Wayne Bisso mugshot

Purchase Background Check   UNPUBLISH MUGSHOT

Tweet 0   g+1 0   Like Share 0



### Who is Wayne Bisso? Was Wayne Bisso arrested? When was Wayne Bisso arrested? What was Wayne Bisso arrested for?

**Wayne Bisso was booked in St. Lucie County, FL.**

The following Official Record of Wayne Bisso is being redistributed by Mugshots.com and is protected by constitutional, publishing, and other legal rights. This Official Record was collected from a law enforcement agency on 12/14/2011. Last updated on 10/11/2013.

**Mugshots.com ID:** 1048427
**Name:** BISSO, WAYNE
**Race:** WHITE
**Gender:** MALE
**Birth date:** 11/13/1961
**Hair Color:** GRAY OR PARTIALLY GRAY
**Eye Color:** UNKNOWN
**Height:** 6' 0" (1.83 m)
**Weight:** 205 lb (93 kg)
**DC Number:** K72335
**Release Date:** 10/19/2021
**Current Facility:** NWFRC ANNEX.
**Initial Receipt Date:** 12/12/2007
**Current Custody:** MINIMUM
**Current Release Date:** 10/19/2021
**Names / Aliases:**
• WAYNE BISSO

**Charges:**

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 08/28/2003 | UTTER FORGED INSTRUMENT | 10/25/2007 | ST. LUCIE | 0501314 | 5Y 0M 0D |
| 10/31/2003 | PERJURY | 10/25/2007 | ST. LUCIE | 0501314 | 5Y 0M 0D |
| 08/19/2003 | GRAND THEFT O/ $100,000 1ST.DEG | 10/25/2007 | ST. LUCIE | 0501314 | 5Y 0M 0D |

Restore lost gas mileage performance with a
Get in the Zone!
LEARN MORE



You May Like



Warren Buffett Reveals How Anyone With $40 Could Bec...
The Motley Fool



7 Signs of an Unhealthy Heart
Caring.com



... then your arr
online and ANYO
Want to see wha
Click Here to Cl

| | |
|---|---|
| 1 | Raymond R. Hoather (Pro Se) |
| 2 | 920 Dogwood Drive, Unit 464 |
| 3 | Delray Beach, Florida 33483 |

Temporary New Jersey Address
414 Washington Street
Toms River, NJ 08753.

**Raymond R. Hoather (Pro Se)**
*Defendant / Counterclaimant*

FOTOGRAFIXUSA, L.L.C., N/K/A
FOTOGRAFIXUSA, INC.,
RAYMOND HOATHER, Individually
and RAYMOND HOATHER as CEO
AND PRESIDENT OF
FOTOGRAFIXUSA, L.L.C., N/K/ A
FOTOGRAFIXUSA, INC., JOHN
DOES A-Z (fictitious names) and XYZ
CORPORATION A-Z, (fictitious
names)

vs.

**Deirdre M. Falato, David B. McKee**
**Mildred T. Mastroberte,**
**Mary Ann B. Pieshala**
**and Barbara David**
*Plaintiffs/Defendants*

UNITED STATES DISCTICT
COURT OF NEW JERSEY
DOCKET NO: 09-5232

CIVIL ACTION

**CERTIFICATION OF RAYMOND**
**HOATHER CONCERNING**
**JAMES McCANN**

Raymond R. Hoather, being of full age hereby certifies the following:

1.      I am the Defendant/Counterclaimant in the above mentioned case.

2.      In the interests of efficiency and to save producing voluminous documents I can

confirm that the documents and pleadings mentioned in James McCann's complaint are

lodged in the above mentioned case No: cv-09-5232 and the US Bankruptcy Proceedings

before The Hon. Judge Lyons Case No: 11-21226-RTL & 12-01209-RTL and I can produce

any documentation by Docket No. and page number in the pleadings to support their claims.

3.      I can confirm, testify and produce the necessary supporting evidence  that James

McCann is a shareholder in the company Fotografixusa Inc.

1

4. I can confirm, testify and produce the necessary supporting evidence that James McCann is an "Agent" of the company Fotografixusa Inc.

5. I can confirm that the attached Exhibit 1. was a ruling by the Hon. Judge Lyons in the US Bankruptcy Case No: 11-21226-RTL that Shore Community Bank used "Forged Documents" in an attempt to have me incarcerated for Bank Fraud and Bankruptcy Fraud.

6. I can confirm that my First Amended Counterclaim is pending before The US District Court which documents and demonstrates the conspiracy by all the Defendants mentioned in that Complaint and the five Plaintiffs in Case No: cv-09-5232 to deceive the entire Federal Court System in both Court rooms using "Forged Documents" to support James McCann's claims.

I certify that the above mentioned statements are true to the best of my belief. I am aware that if the foregoing statements made above are willfully false that I am subject to punishment.

Raymond R. Hoather

8/1/2014

2