**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES MCCANN,

        Plaintiff,

v.

DEIRDRE M. FALATO, et al.,

        Defendants.

Civil Action No. 14-4896 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    Plaintiff James McCann ("Plaintiff" or "McCann"), proceeding pro se, brings suit through his Amended Complaint against Defendants Raymond R. Hoather (President of Fotografixusa Inc.) ("Hoather"); Fotografixusa Inc. ("Fotografixusa"); Fuggi Law Firm, Robert R. Fuggi, Esq., Jr., Ronald Rosa, Esq., Catherine Koslej (as legal secretary of Fuggi Law Firm) (together, "Fuggi Defendants"); Shore Community Bank and its past and present Board of Directors and Officers ("SCB"), Robert T. English (individually and as President and CEO of SCB), Rosanne Citta (individually and as a Board Member) (together, "Bank Defendants"); Mark Callazzo (individually and as an officer of SCB), Callazzo Properties, RMS Title & Appraisal Services (together, "Callazzo Defendants"); Howard Butensky, Esq. ("Butensky Defendant"); The Law Firm of Ostrowitz Law, Alan R. Ostrowitz Esq. (together, "Ostrowitz Defendants"); Mayor Thomas F. Kelaher, and the Township of Toms River (including the entire Town Council and Town Clerk) (together, "Township Defendants") (collectively, "Defendants"). (ECF No. 40.) Fuggi Defendants, Township Defendants, Ostrowitz Defendants, Bank Defendants, and Butensky Defendant (collectively, "Moving Defendants") move to dismiss Plaintiff's Amended Complaint

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim. (ECF Nos. 41, 42, 43, 45, 49.) Bank Defendants also move to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(5) for failure to serve. (ECF No. 45.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Moving Defendants' motions to dismiss for lack of jurisdiction.

I. **Background**

Because McCann's Amended Complaint largely recites the same allegations previously alleged by Hoather against similar defendants in *Hoather v. Fuggi Law Firm, P.C.*, and Hoather in his previous suit incorporated by reference all of McCann's current allegations, the Court will refer the parties to the background previously set forth in that matter. (Op. at 2, *Hoather v. Fuggi Law Firm, P.C.*, No. 14-7629 (D.N.J. July 30, 2015), ECF No. 53.) In short, McCann brings this lawsuit as a shareholder of Fotografixusa seeking loss of earnings due to the malicious prosecution of an action against Hoather as President of Fotografixusa. McCann alleges that Defendants manufactured evidence to support their frivolous claims against Hoather, and as a result, he suffered considerable loss of earnings and loss of income. McCann asserts a wide range of claims, including conspiracy to defraud, manufacturing evidence, violations of N.J.S.A. 2C:21-1a and N.J.S.A. 2C:28-4, malfeasance, false charges, tortious interference, violation of ethics rules, intentional infliction of emotional distress, violation of constitutional right to social security, violation of 18 U.S.C. §§ 371 and 1346, as well as violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. (ECF No. 40.) McCann asserts

that jurisdiction properly lies in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and the Entire Controversy Doctrine.

## II. <u>Subject Matter Jurisdiction</u>

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). The party invoking jurisdiction bears the burden of proof. *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). "A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408 (3d Cir. 1991). If the court finds that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Generally, if a jurisdictional question is closely related to a case's merits, a court assumes that it has jurisdiction in order to reach the merits on a Rule 12(b)(6) motion; the present case, however, falls within an exception to the default rule, and the Court can dismiss the case pursuant to Rule 12(b)(1) without reaching the merits. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Though often confused in federal question cases, a Rule 12(b)(1) motion should not be misunderstood as a Rule 12(b)(6) motion because the standards and burdens for each motion differ drastically. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In *Bell v. Hood*, 327 U.S. 678 (1946), the Supreme Court established the default rule for Rule 12(b)(1) dismissals in cases where the plaintiff alleges a violation of the Constitution or a federal statute:

> Whether the complaint states a cause of action on which relief could be granted is a question of law and . . . it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

3

*Bell*, 327 U.S. at 682. Thus, where a court ultimately finds that a complaint fails to state a claim in such cases, the court must dismiss the claim pursuant to 12(b)(6), *not* 12(b)(1). *See id.* There are, however, two exceptions to this default rule: a court can dismiss a claim on a Rule 12(b)(1) motion if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Gould Elecs., Inc.*, 220 F.3d at 178 (quoting *Kehr Packages, Inc.*, 926 F.2d at 1409). Here, the Court finds that the instant matter falls within the exception for wholly insubstantial and frivolous claims.

## III. <u>Analysis</u>

### A. Diversity Jurisdiction

McCann asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the aggregate of his claims exceeds the $75,000 threshold. (Am. Compl. 10.) "To establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). A court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity—i.e., where the plaintiff and any defendant are citizens of the same state. McCann states that he is domiciled in New Jersey (Am. Compl. 7), and McCann further alleges that all Defendants are located in New Jersey, except Rosa Citta (Am. Compl. 7-8). Because Plaintiff and multiple defendants are citizens of New Jersey there is not complete diversity, and this Court does not have diversity jurisdiction over this case.

### B. Federal Question Jurisdiction and the Entire Controversy Doctrine

McCann additionally asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the "Doctrine of the Entire Controversy." (Am. Compl. 6.) Under 28 U.S.C. § 1331, "[f]ederal

question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question." *Schneller*, 387 F. App'x at 292 (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002)). Separate and apart from federal question jurisdiction, the entire controversy doctrine is a doctrine of preclusion and distinct from a court's subject matter jurisdiction. *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Thus, this Court only has subject matter jurisdiction to hear this matter if Plaintiff has alleged a claim arising under federal law that is not wholly insubstantial or frivolous.

The Court finds that Plaintiff's allegations of violation of his right to social security and violations of 18 U.S.C. §§ 371 and 1346 are frivolous because none of the statutes cited by McCann support a private civil cause of action. Thus, McCann's only remaining federal claim is his RICO violation claim. This Court previously dismissed a similar RICO claim brought by Hoather because of his failure to plead sufficient facts to demonstrate the predicate act with particularity or a pattern of racketeering activity. (Op. at 7-10, *Hoather*, No. 14-7629.) The Court further denied Hoather leave to amend his complaint because in the voluminous opposition briefs and papers filed in support, Hoather offered no more clarity or allegations to set forth a federal claim. Here, McCann's Amended Complaint suffers from similar deficiencies. McCann does not cite to a specific section of RICO that was violated, but only generally alleges that Defendants' conduct of manufacturing evidence was a conspiracy to deceive the district court in the prior lawsuit against Hoather. This allegation is wholly insubstantial to support a RICO claim, and therefore, this Court does not have federal question jurisdiction over this case.

### C. Supplemental Jurisdiction

McCann's remaining claims are based on state law and he asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1367. In relevant part, the supplemental jurisdiction statute

provides: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action." 28 U.S.C. § 1367. "The supplemental jurisdiction statute does not provide federal courts with an independent basis of subject matter jurisdiction." *Griffin v. Twp. of Clark*, No. 09-4853, 2012 WL 4190509, at *2 (D.N.J. Sept. 17, 2012) (citing *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 299-300 (3d Cir. 2003) ("[A]bsent jurisdiction over the federal claim, the District Court did not have supplemental jurisdiction over . . . [the plaintiff's] state law claims"); *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995) (holding that district court could not exercise supplemental jurisdiction over state claims because there was no accompanying federal claim "sufficient to confer subject matter jurisdiction on the court")). Because this Court already found that it did not have diversity or federal question jurisdiction, there is no basis upon which this Court may exercise supplemental jurisdiction over the state law claims.

## IV. Conclusion

For the reasons set forth above, the Court grants Moving Defendants' motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. An order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 23rd, 2015